UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

BRITTANY CRAUL                  NO. 4:12-CV-1380

v.                                                 JUDGE CONNER

WAL-MART STORES EAST, LP       MAGISTRATE JUDGE METHVIN

**REPORT AND RECOMMENDATION**
**ON MOTION TO REMAND**
**(Doc. 3)**

Plaintiff, Brittany Craul, filed a writ of summons in the Court of Common Pleas of York County on December 28, 2011 and thereafter filed a complaint in that forum on January 20, 2012. (Doc. 1-2). The complaint brings a negligence claim for injuries Craul suffered from a fall while she was a patron of the East York Walmart in York, Pennsylvania on February 5, 2010. (Doc. 1-2). Named as defendant is Walmart Stores East, LP. Defendant removed the case to this court on July 17, 2012, alleging diversity off citizenship as the jurisdictional ground. (Doc. 1).

Before the court is Craul's motion to remand.[1] The motion has been referred to the undersigned for a report and recommendation and is now ripe for disposition.[2]

## FINDINGS AND RECOMMENDATIONS

### I. Background

As noted above, the matter involved a premise liability action by Craul against Walmart for injuries she alleges resulted from a fall at Walmart's East York, Pennsylvania store on February 5, 2010. (Doc. 1-2, Ex. A). Craul filed a writ of summons in the Court of Common Pleas of York County on December 28, 2011 and subsequently filed a complaint on January 20, 2012. (Doc. 1-2, Ex. A). The complaint asserts one claim of negligence against Walmart. (*Id*.).

On February 17, 2012, Walmart filed its answer and new matter. (Doc. 1-3, Ex. B). The answer, however, was not verified by Walmart as required by the local rules of court but instead contained a verification executed by Walmart's counsel.

---

[1] Craul filed the motion to remand on July 24, 2012 (Doc. 3) and thereafter filed a supporting brief on August 7, 2012. (Doc. 4). Walmart filed a brief in opposition to the motion on August 20, 2012 (Doc. 5), to which Craul filed a reply brief on September 4, 2012. (Doc. 6).

[2] On September 26, 2012, Judge Conner referred the pending motion to the undersigned. (Doc. 7).

(*Id*). On June 5, 2012, Walmart substituted its own verification for that of its counsel. (Doc. 1-4, Ex. C).

Craul filed her response to Walmart's new matter on June 6, 2012. (Doc. 1-5, Ex. D). On July 17, 2012, Walmart removed the action to this court (Doc. 1). Craul filed the instant motion to remand on July 24, 2012. (Doc. 3).

**II. Issues Presented**

Craul asserts the following alternative grounds for remand pursuant to 28 U.S.C. § 1447(c):

A. The notice of removal was filed more than 30 days after the initial pleading.

B. The notice of removal was filed more than 30 days after Walmart's receipt of Craul's counsel's facsimile letter dated February 9, 2012.

C. The notice of removal was filed more than 30 days after Craul filed her response to Walmart's new matter.

**III. Standard of Review**

A motion to remand on the basis of a defect other than lack of subject matter jurisdiction may be made within 30 days after the filing of the notice of removal. 28 U.S.C. §1447(c).[3] Failure to file a notice of removal within the requisite thirty

---

[3] Section 1447(c) provides:
    (c) A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a). If at any time before final

days under § 1446(b) is an appropriate ground to remand under § 1447(c). *Capone v. Harris Corp.*, 694 F.Supp. 111, 112 (E.D.Pa.1988) (citing *Blow v. Liberty Travel, Inc.*, 550 F.Supp. 375 (E.D.Pa.1982)).

Once a plaintiff has filed a motion to remand, the defendant has the burden of establishing that the federal court has jurisdiction and the notice of removal was timely filed. *Boyer v. Snap–On Tools Corp.*, 913 F.2d 108, 111 (3d Cir.1990) (citing *Steel Valley Auth. v. Union Switch and Signal Div.*, 809 F.2d 1006, 1010, 1012 n. 6 (3d Cir.1987)). In determining whether removal is proper, "the removal statute should be strictly construed and all doubts should be resolved in favor of remand." *Abels v. State Farm Fire & Cas. Co.*, 770 F.2d 26, 29 (3d Cir.1985) (citations omitted). In a case where there are disputes over factual matters related to jurisdiction, the party asserting jurisdiction has to show jurisdiction by a preponderance of the evidence. *Frederico v. Home Depot*, 507 F.3d 188, 194 (3d Cir.2007) (citing *McNutt v. General Motors Acceptance Corp. of Indiana*, 298 U.S. 178, 56 S.Ct. 780, 80 L.Ed. 1135 (1936)); *Wilbur v. H & R Block, Inc.*, 170 F. Supp. 2d 480 (M.D. Pa. 2000) (discussing the different standards used to assess defendant's showing of the jurisdictional amount in controversy in removed

---

judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded. []

actions and finding that defendant failed to meet the preponderance of the evidence standard, which the court held to be appropriate).[4]

**IV. Discussion**

Whether an action can be removed to federal court is determined by 28 U.S.C. § 1441(a), which provides:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending. 28 U.S.C. § 1441(a).

Walmart removed the state-court action pursuant to 28 U.S.C. § 1441(a), invoking diversity jurisdiction under 28 U.S.C. § 1332(a) for "all civil cases where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs," between "citizens of different states." *Id.*; § 1332(a)(1).

After a case has been removed to federal court, a party can move to have the matter remanded back to state court in two situations: (1) when there is a procedural defect with the removal procedure to which plaintiff objects within 30

---

[4] In addition to the preponderance of evidence standard, courts have employed numerous different standards to assess the adequacy of a defendant's showing that the amount in controversy requirement is satisfied including, *inter alia.*, the legal certainty test, the reasonable probability test and the inverted legal-certainty test (which requires the defendant merely to show that it does not appear to a legal certainty that the amount in controversy falls below the applicable jurisdictional amount).

days of the removal, and (2) if the court lacks subject matter jurisdiction, which can be raised at any time and cannot be waived.

Craul's motion to remand is premised upon untimely filing of the notice of removal. To determine whether a notice of removal has been timely filed, the court must look to 28 U.S.C. § 1446(b), which governs the requirements for removal and states:

> (1) The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.
>
> \*  \*  \*  \*  \*
>
> (3) Except as provided in subsection (c), if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

28 U.S.C. § 1446(b)(1), (3) (2010). Additionally, subsection (c), which governs the requirements for removal based on diversity of citizenship, further provides, in pertinent part:

> (2) If removal of a civil action is sought on the basis of the jurisdiction conferred by section 1332(a), the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy, except that--
>
>> (A) the notice of removal may assert the amount in controversy if the initial pleading seeks--
>>
>>> (i) nonmonetary relief; or
>>>
>>> (ii) a money judgment, but the State practice either does not permit demand for a specific sum or permits recovery of damages in excess of the amount demanded; and
>>
>> (B) removal of the action is proper on the basis of an amount in controversy asserted under subparagraph (A) if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds the amount specified in section 1332(a).
>
> (3) (A) If the case stated by the initial pleading is not removable solely because the amount in controversy does not exceed the amount specified in section 1332(a), information relating to the amount in controversy in the record of the State proceeding, or in responses to discovery, shall be treated as an 'other paper' under subsection (b)(3). []

28 U.S.C. §1446 (c)(2), (3).

In the present action, Craul's complaint sought damages in excess of $50,000.00. Walmart contends that it did not know, with certainty, that the amount in controversy might exceed the jurisdictional amount of $75,000.00 until Craul filed her answer to its new matter on June 6, 2012. Walmart further asserts it did

not receive that pleading until July 16, 2012. Thus, it submits that its July 17, 2012 notice of removal was timely under §1446 (b)(3), having been filed within 30 days of its receipt of the filing through which it first ascertained that the action was removable. Accordingly, this motion requires a determination of when the action became removable and whether the removal was timely.

*(A) When did the case first become subject to removal?*

The parties dispute which of three events triggered removal: (1) a February 9, 2012 letter from Craul's counsel to Walmart's counsel declining to execute a stipulation limiting damages to less than $75,000.00; (2) Craul's June 6, 2012 answer to Walmart's new matter, in which she specifically denies that her damages are less than $75,000.00; or (3) Walmart's July 16, 2012 receipt of Craul's answer to its new matter.

*(1) February 9, 2012 correspondence between counsel*

Inasmuch as the complaint averred damages "in excess of $50,000.00," it did not on its face meet the jurisdictional threshold for federal court jurisdiction based on diversity of citizenship. *See* 28 U.S.C. 1332 (a)(1) ("[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between—(1) citizens of different States[.]"). The Third Circuit Court of Appeals

has explained that when a challenge is made to diversity jurisdiction based on failure to satisfy § 1332's amount-in-controversy requirement,

> The [party claiming jurisdiction] bears the burden of showing that the case is properly before the federal court. Where the parties dispute the underlying facts concerning the jurisdictional amount requirement, the [party claiming jurisdiction] must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000.

*Chrin v. Ibrix, Inc.*, 293 F. App'x. 125, 127 (3d Cir.2008) (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 58 S.Ct. 586, 82 L.Ed. 845 (1938)).

On February 9, 2012, Craul's attorney, Stephen D. Stambaugh, sent a letter to Walmart attorney Jackie M. Lowthert, advising that Craul would not stipulate to a damages cap of $75,000.00. He also advised that Craul's physician contemplated the possibility of future knee replacement surgery at a cost of $25,000.00 to $50,000.00. Mr. Stambaugh opined that the value of the case exceeded $75,000.00.

The parties disagree of whether this correspondence placed Walmart on notice that the jurisdictional amount was met for purposes of removal. Craul contends that because the letter contained her physician's prognosis of the potential need for future surgery as well as counsel's assessment that the value of the case met the jurisdictional amount, this letter constitutes "other paper" under §1446(b) and thus triggered the 30-day removal period. Walmart submits,

however, that this correspondence fails to form a sufficient ground upon which to base jurisdiction.

Several courts have found that written correspondence between parties can be considered "other paper" for purposes of § 1446(b). *See, e.g., Babasa v. LensCrafters, Inc.,* 498 F.3d 972, 975 (9th Cir.2007) (thirty day removal period began when defendant received plaintiffs' letter claiming damages above jurisdictional threshold); *Addo v. Globe Life & Accident Ins. Co.*, 230 F.3d 759, 761–62 (5th Cir.2000) (holding that a post-complaint letter from life insurance beneficiary's attorney to insurer, offering to settle action for benefits for amount in excess of federal jurisdictional minimum, was "other paper" which commenced running of period for filing notice of removal under statute); *Eleby v. Steigerwald*, No.10-1500, 2010 WL 1838680 (E.D. Pa. Apr. 30, 2010) (noting that "several courts . . . have concluded that [written] correspondence between parties can be 'other paper,'" but that neither an off-the-record oral statement to opposing counsel nor a letter sent by defense counsel satisfy §1446(b)'s requirements); *Efford v. Milam*, 368 F.Supp.2d 380, 384–85 (E.D.Pa.2005) (holding that letter from plaintiffs' attorney to defendants' attorney was "other paper"); *Tebon v. Travelers Ins. Co.*, 392 F.Supp.2d 894, 897–98 (S.D. Tex.2005); (holding that insured's stipulation of the amount in controversy was an "other paper"

commencing thirty day period to file removal because it provided unequivocally clear and certain information supporting removal); *Broderick v. Dellasandro*, 859 F.Supp. 176, 178 (E.D.Pa.1994) (holding that attorney's letter advising of client's changed residence to diverse jurisdiction, made in response to written request for verification of client's residence, was "other paper" under removal statute that triggered running of thirty-day period for removing); *Rahwar v. Nootz*, 863 F.Supp. 191, 192 (D.N.J.1994) (holding that correspondence between the parties, containing statement of damages suffered by plaintiff, was "other paper" which could be considered in determining amount in controversy for purposes of removal). "Other papers" can only trigger the thirty day removal period "when they are the result of "'a voluntary act of the plaintiff which effects a change rendering a case subject to removal by defendant which had not been removable before the change.'" *Efford*, 368 F.Supp.2d at 385 (quoting *DeBry v. Transamerica Corp.*, 601 F.2d 480, 487 (10th Cir.1979)).

Walmart has identified cases in which plaintiff's refusal to stipulate to damages below the jurisdictional amount were held to fall outside of §1446(b).[5]

---

[5] *See Lee v. Walmart, Inc.*, 237 F.Supp.2d 577 (E.D. Pa. 2002) (plaintiff's demand in excess of $50,000.00 and refusal to stipulate that damages were less than $75,000.00 insufficient to establish that the amount-in-controversy threshold was met); *Fosbenner v. Wal–Mart Stores, Inc.*, No. Civ. A. 01–3358, 2001 WL 1231761, *1 (E.D. Pa. Oct. 12, 2001) (finding defendant failed to satisfy its burden of showing by a preponderance of the

(continued...)

However, the plaintiffs in these cases did not, as here, make an affirmative statement that the value of the case met the jurisdictional amount. Nor did the cases include a physician's letter specifying the estimated medical costs accompanying a plaintiff's injuries.

In the present case, the February 9, 2012 correspondence by Mr. Stambaugh was voluntary, as it was sent by him to Ms. Lowthert in response to her letter. The February 9, 2012 correspondence also effects a change rendering the case removable because it more accurately reflected the value of the case from one seeking in excess of $50,000.00, as pled in the complaint, to one valued at over $75,000.00, sufficient to satisfy the amount in controversy required for diversity jurisdiction. Consequently, Walmart had 30 days from its receipt of that correspondence to file its notice of removal. Having failed to do so until approximately 5 months later, the action was not timely removed and remand is appropriate.

*(2) Craul's answer to Walmart's new matter*

Even if the February 9, 2012 correspondence did not constitute "other paper" under §1446(b)(3), Craul alternatively contends that filing her June 6, 2012

---

[5](...continued)
evidence that the amount in controversy exceeded $75,000 based on plaintiffs' refusal to sign a stipulation limiting damages to less that $75,000.).

answer to Walmart's new matter triggered the 30-day removal period, thus rendering the July 17, 2012 notice of removal untimely. As noted, Walmart contends its counsel did not receive the June 6 letter until July 16, 2012.

Rule 440 of the Pennsylvania Rules of Civil Procedure governs service of legal papers other than original process and provides, in pertinent part,

> (a) (1) Copies of all legal papers other than original process filed in an action or served upon any party to an action shall be served upon every other party to the action. Service shall be made
>
>> (i) by handing or mailing a copy to . . . the address of the party's attorney of record[.]
>
> \* \* \* \* \*
>
> (b) Service by mail of legal papers other than original process is complete upon mailing.

Pa.R.Civ.P. 440.

When the receipt of something sent via mail is at issue, a rebuttable presumption of receipt arises upon a showing that the item was mailed. *In re Cendant Corp. PRIDES Litg.*, 311 F.3d 298, 304 (3d Cir.2002) ("*Cendant II*") (internal citations omitted). *See also Hagner v. United States*, 285 U.S. 427, 430, 52 S.Ct. 417, 76 L.Ed. 861 (1932) (It is well established that "proof that a letter properly directed was placed in a post office, creates a presumption that it reached its destination in usual time and was actually received by the person to whom it

was addressed."); *In re Bodnar*, No. 98-MC-95, 1998 WL 480856 *7 (E.D.Pa. Aug.13, 1998) ("If mail is properly addressed, stamped and deposited in the postal system, a rebuttable presumption arises that the notice was received by the addressee."); *Jones v. Prudential Prop. and Cas. Ins. Co.*, 856 A.2d 838, 845 (Pa. Super. Ct. 2004) (under the mailbox rule, "[p]roof of mailing creates a rebuttable presumption of receipt of the mailed item."). If a certificate of service is filed averring that a pleading has been served by being placed in the U.S. mail, "a presumption of regularity arises that the addressee received the pleading." *Fiore v. Giant Food Stores, Inc.*, Civ. A. No. 98-517, 1998 WL 254975, *2 (E.D. Pa. April 17, 1998).[6] Both presumptions may be overcome by evidence that tends to call into question the validity of service. Denials of receipt generally will not overcome the presumption in the absence of some supporting evidence. *See, e.g., Cendant II*, 311 F.3d at 304; *Donegal Mut. Ins. Co. v. Insurance Dept.*, 719 A.2d 825, 827 (Pa. Commw. Ct. 1998) ("Once this presumption is established, the party alleging that it did not receive the letter has the burden of establishing such, and

---

[6] Under the common-law mailbox rule, "[i]f a document is properly mailed, the court will presume the United States Postal Service delivered the document to the addressee in the usual time," i.e., three business days. *Philadelphia Marine Trade Association–International Longshoremen's Ass'n Pension Fund v. C.I.R.*, 523 F.3d 140, 147 (3d Cir.2008) (citing *Rosenthal v. Walker*, 111 U.S. 185, 193, 4 S.Ct. 382, 28 L.Ed. 395 (1884); *Hagner v. United States*, 285 U.S. 427, 430, 52 S.Ct. 417, 76 L.Ed. 861 (1932)).

merely asserting that the letter was not received, without corroboration, is insufficient to overcome the presumption of receipt.").

Craul contends the pleading was mailed via first-class mail on June 6, 2012. Allowing for usual time in transit, it would be presumed to have been received within three business days—by June 11, 2012. Walmart contends it did not receive the pleading until July 16, 2012, approximately 5 weeks later.[7]

The parties do not dispute that Craul filed her answer to the new matter on June 6, 2012 or that her counsel filed therewith a certificate of service indicating that it served the pleading on opposing counsel that day via first class mail. (*See* Doc. 5-6, Ex. E, p. 5). The parties also agree that the pleading was not served via facsimile. Specifically, while the certificate of service states that Mr. Stambaugh's office was serving the response to the new matter by facsimile and first class mail, it thereafter indicates only first class mail and provides Ms. Lowthert's mailing address but not her facsimile number.[8] Additionally, records of defense counsel's

---

[7] Of course, it is quite possible that both parties are correct and the delay is attributable to the postal system.

[8] Specifically, the certificate of service states:

CERTIFICATE OF SERVICE

I, Brittanie L. Wilkens, of the law firm Stambaugh Law, P.C., attorneys for Plaintiff, do hereby certify that I am this day serving a copy of the foregoing Plaintiff's Response to Defendant's New Matter propounded upon the defendants by facsimile and
(continued...)

facsimile line indicate that no transmission of the pleading was received. (*See* Doc. 5-3, Ex. B).

Walmart asserts that this discrepancy in the certificate of service overcomes the presumption that the pleading was served and timely received. It contends that, because the certificate of service does not accurately reflect the manner in which service was made, the date of mailing contained in the certificate of service is also in doubt. However, in making this case for late receipt, Walmart has not included the envelope in which the pleading was mailed, which presumably contains a postmark date, nor has it provided a time-stamped copy of its receipt if, in fact, that is the manner counsel for the defense receives mail.

Walmart does not dispute that the pleading was served on it by mail as indicated in the certificate of service. A mere clerical error indicating an additional method of service in the certificate of service is insufficient to overcome the presumption that the pleading was received in a timely manner.

---

[8](...continued)
first class mail:

BY FIRST-CLASS MAIL
Jackie M. Lowthert, Esquire
Law Officers of McDonnell & Associates
Metropolitan Business Center
860 1st Ave., Suite 5B
King of Prussia, PA 19406

Thus, even if the February 9, 2012 correspondence from Stambaugh were not characterized as "other paper" under §1446 (b), Craul's June 6, 2012 answer to Walmart's new matter triggered the 30 day period for removal. Allowing the usual time of three business days for receipt, there is a presumption that Walmart received the pleading on or about June 11, 2012. To be timely, removal must have occurred within 30 days thereof, or by July 11, 2012.

*(B) Was the removal timely?*

Having concluded that the matter first became subject to removal with the June 6, 2012 filing of Craul's answer to Walmart's new matter, to be timely, the action had to have been removed to federal court within 30 days of that date. Inasmuch as the case was not removed until July 17, 2012, beyond the 30 days proscribed by §1446(b)(3), removal was untimely. Mindful that, in determining whether removal is proper, "all doubts should be resolved in favor of remand," Walmart has failed to carry its burden of establishing that removal was timely and thus proper. *Abels, supra*. Consequently, remand is proper in accordance with §1447(c). The motion to remand should, therefore, be granted.

## V. Recommendation

Based on the foregoing, it is respectfully recommended that Craul's motion to remand ([Doc. 3](#)) be granted.

Signed on November 29, 2012.

_____
MILDRED E. METHVIN
U. S. MAGISTRATE JUDGE